IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dean Robert Dietrich,                                    Case No. 3:06 CV1971

                              Plaintiff,               OPINION AND ORDER

            -vs-                                       JUDGE JACK ZOUHARY

AstraZeneca Pharmaceuticals, LP,

                              Defendant.

        This action was removed to this Court by Defendant AstraZeneca Pharmaceuticals on October 3, 2006.  The case was originally filed in the Lucas County Court of Common Pleas by Plaintiff *pro se* Dean Robert Dietrich.  The Complaint, which seeks damages in excess of $999 million, alleges that an antipsychotic medication manufactured by Defendant Seroquel "stole away [Plaintiff's] desire for liberty, the pursuit of happiness and raped [him] of even wanting to live" (Compl. at 1).   Defendant filed a Motion to Dismiss (Docket No. 3).  The Motion is unopposed.  For the reasons stated below, this action is dismissed.

        Principles requiring generous construction of *pro se* pleadings are not without limits.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  *Beaudett*, 775 F.2d at 1278.  To

do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278.

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the Motion to Dismiss (Docket No. 3) is granted, and this action is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____s/ *Jack Zouhary*_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 17, 2006

2